UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RHONDA ROWE, : | |
|   Plaintiff : | |
| : | CIVIL ACTION NO. 3:15-1448 |
| v. : | |
| : | (Mannion, D.J.) |
| CAROLYN W. COLVIN, : | (Cohn, M.J.) |
| Acting Commissioner | |
| of the Social Security : | |
| Administration, | |
| : | |
|   Defendant | |

# M E M O R A N D U M

Pending before the court is the report and recommendation of Judge Cohn, (Doc. 18), recommending that plaintiff's appeal from the final decision of the Commissioner of Social Security be remanded to the Commissioner. Judge Cohn reviewed the record in this case pursuant to 42 U.S.C. §405(g) to determine whether there is substantial evidence to support the Commissioner's decision denying the plaintiff's claim for Disability Insurance Benefits ("DIB") under the Social Security Act, ("Act"). 42 U.S.C. §§401-433, 1381-1383f. The Commissioner filed objections to the report.[1] (Doc. 19). Plaintiff did not object to the report but she responded to the Commissioner's objections urging the court to adopt the report. (Doc. 20). For the following

---

[1] The court notes that since Judge Cohn stated the full procedural history of this case, (Doc. 18, at 3-8), and since the Commissioner did not object to it, the court will not repeat it herein. The facts of this case are thoroughly discussed in the briefs of the parties. (Doc. 12, Doc. 15).

reasons, the report and recommendation is **ADOPTED** and, the plaintiff's appeal is **GRANTED**. The decision of the defendant Commissioner will be **VACATED** and the case will be **REMANDED**.

## I.     STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review de novo those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing* United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (*citing* Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## II. DISCUSSION

As set forth more fully in Judge Cohn's report, plaintiff Rhonda Rowe applied for DIB alleging she was disabled as of November 19, 2012 due to degenerative disc disease of the lumbar spine, degenerative joint disease of the hands bilaterally and the left ankle, fibromyalgia, Raynaud's syndrome, scleroderma, and vitamin deficiency. A hearing was held before an administrative law judge ("ALJ") and on April 23, 2014, the ALJ determined that plaintiff was not disabled within the meaning of the Act. The ALJ found that while plaintiff's impairments were severe they did not prevent her from doing her previous work as a bookkeeper and cafeteria food service worker. The ALJ found that plaintiff maintains the residual functional capacity ("RFC") to perform light work with specified limitations. (Doc. 9-2, at 23).

Judge Cohn recommends that the ALJ's decision to deny plaintiff's application for DIB be remanded for further proceedings since the ALJ improperly rejected the opinion of plaintiff's treating doctor, Dr. John Pion, D.O. Dr. Pion opined that plaintiff had disabling limitations precluding her from all gainful employment. Judge Cohn found that the ALJ rejected Dr. Pion's opinion despite the facts that this was the only medical opinion in the record

3

and the non-medical evidence did not contradict the doctor's opinion. Judge Cohn states that the ALJ impermissibly rejected Dr. Pion's medical opinion with the ALJ's lay reinterpretation of medical evidence. Judge Cohn cites, in part, to the recent decision in Burns v. Colvin, 2016 WL 147269, —F.Supp.3d—, (M.D.Pa. Jan. 13, 2016), which was adopted by the district court. In *Burns*, the two medical opinions of record, one of which was from a treating source, opined that plaintiff was unable to perform any gainful employment. There was no medical opinion in the record which supported the ALJ's finding that plaintiff could work. The court in Burns, 2016 WL 147269, *1, stated, "[i]n a slew of decisions, the Third Circuit holds that no reasonable mind would find the ALJ's evidence to be adequate when the ALJ rejects every medical opinion in the record with only lay reinterpretation of medical evidence." (citations omitted). The court also referenced the "treating source rule" regarding the special deference which should be afforded to the medical opinion of a treating source. Id. The court essentially found that an ALJ's lay reinterpretation of medical evidence by itself does not provide substantial evidence for a finding that a claimant is not disabled when all of the medical opinions of record opine that the claimant is disabled. The *Burns* Court stated that binding precedent holds that an ALJ's lay reinterpretation of medical evidence, alone, does not constitute substantial evidence to reject a treating source medical opinion. Id. (citations omitted); *see also* Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988) (An ALJ can not reject medical

findings by substituting his own medical judgments.).

In the present case, the only medical evidence in the record is from Dr. Pion who opined that plaintiff is disabled. In the RFC questionnaire he completed, Dr. Pion opined that plaintiff could walk one city block, sit for 30 minutes at one time, stand for 15 minutes at one time, stand and walk for less than 2 hours each in an eight-hour day, had to be able to shift positions at will, and required 10-minute unscheduled breaks every half hour. He also opined that plaintiff would miss four or more work days per month and that her pain would frequently interfere with her ability to concentrate and maintain attention. Dr. Pion also completed an employability assessment form in which he checked a box indicating that plaintiff was "permanently disabled." Judge Cohn indicates that no medical opinion in the record supported the ALJ's finding that plaintiff did not have disabling limitations. Judge Cohn also points out that the limitations which plaintiff reported as well as the Function Report completed by her husband Kenneth Rowe, indicating that plaintiff had difficulty functioning and getting around and that she required "a lot of down time," were consistent with Dr. Pion's opinion. In particular, plaintiff testified that she can only walk for about 10 minutes and sit for about 20 to 30 minutes at a time. The court agrees with Judge Cohn and finds that the ALJ erred by rejecting Dr. Pion's opinion based on an improper evaluation of the medical evidence.

As Judge Cohn indicates, the opinion of Dr. Pion contradicted findings

5

of the ALJ, such as those regarding plaintiff's RFC. Judge Cohn finds that the ALJ improperly discounted the opinion of Dr. Pion in assessing plaintiff's RFC. No doubt that Dr. Pion's opinion as plaintiff's treating physician is generally entitled to significant weight. The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli v. Massanari, 247 F.3d 34, 42-44 (3d Cir. 2001); *see also* 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. *See* Frankenfield, 861 F.2d at 408. Additionally, "[t]he ALJ–not treating or examining physicians or State agency consultants–must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

In the instant case, the ALJ impermissibly rejected the opinion of Dr. Pion since, as Judge Cohn explains, it was well-supported by objective medical findings in the record as well as Dr. Pion's own treatment notes and plaintiff's testimony. In her reply brief, (Doc. 16), and her response to the Commissioner's objections, (Doc. 20), plaintiff specifies the objective medical findings in the record which supported Dr. Pion's opinion. Thus, the ALJ failed to consider Dr. Pion's opinion based on lay interpretation of medical evidence

and failed to consider this opinion in combination with other evidence in the record as a whole. "The ALJ must consider all relevant evidence when determining an individual's [RFC] in step four." Fargnoli, 247 F.3d at 41 (citations omitted). This evidence includes medical records, observations found during medical exams, limitations of plaintiff stated by plaintiff and by others. Id.

As Judge Cohn notes in his report, our court recently decided a case very similar to the present case. *See* Brown v. Colvin, 2015 WL 7428579 (M.D.Pa. Nov. 23, 2015). In *Brown*, the ALJ rejected the only medical assessment in the record addressing the plaintiff's RFC which was from his treating physician. Even though there was no other medical evidence in the record addressing the plaintiff's RFC, the ALJ found that the plaintiff could perform light work with limitations. This court found that the ALJ's determination was seemingly based upon his own assessment of the plaintiff's physical capabilities. This court agreed with Judge Cohn's finding that the ALJ improperly assessed the plaintiff's RFC and that the ALJ's RFC determination was not supported by substantial evidence.

In the present case, the ALJ rejected the only medical opinion in the record addressing whether the plaintiff had disabling limitations precluding her from performing all work which was from her treating physician. There is no contradictory medical opinion in the record. Non-medical evidence in the record supports the treating source's opinion. Simply put, the ALJ's RFC

determination failed to properly consider Dr. Pion's opinion insofar as it was consistent with the overall record and supported by relevant evidence.

### III. CONCLUSION

Accordingly, the report of Judge Cohn, (Doc. 18), will be adopted. The objections of the Commissioner will be overruled. The decision of the ALJ will be vacated. The case will be remanded to the Commissioner for further proceedings. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: July 8, 2016**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1448-01.wpd